DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

**R.S.,** the Mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D21-1382

[September 29, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2019-DP-000318-XXXX-SB.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Andrew Feingenbaum of Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

PER CURIAM.

A mother appeals the termination of her parental rights to her two children. The trial court terminated the mother's rights on the ground of egregious conduct toward a child, finding that the mother had engaged in egregious conduct toward her infant daughter, thus satisfying section 38.806(1)(f), Florida Statutes (2020), as a ground for termination of parental rights to her daughter and to her then four-year-old son. We affirm as to her daughter without discussion. The mother challenges the constitutionality of the statute as a ground for termination of her parental rights to her son. We have recently held that the statute is constitutional. *V.S. v. Dep't of Child. & Fams.*, --- So. 3d ----, 46 Fla. L. Weekly D1329,

2021 WL 2346077 (Fla. 4th DCA June 9, 2021). Therefore, we affirm the trial court's final judgment as to the mother's son as well.

Briefly, the mother, who claimed she did not know she was pregnant, gave birth to a baby girl in her bathroom early one morning. She thought the baby was dead, put her in a kitchen trash bag with other trash, and placed her next to a dumpster in an enclosed garbage area outside her apartment. Maintenance workers heard the baby cry and rescued it from the trash. The infant was taken by fire rescue to the hospital and survived. The next day police identified appellant as the mother. She was questioned, and during her statement she said she thought the baby was dead but also admitted that she was not sure the baby was dead. The mother was arrested and charged with attempted murder and aggravated child abuse. She remains in jail awaiting trial.

Both the infant girl and the appellant's son were sheltered, but they were later released to their father who continues to take care of them. The Department filed a petition to terminate appellant's rights to both her children.

After the trial on the termination petition, the court found that the mother had engaged in egregious conduct toward the infant daughter. As to the son, the court noted that proof of a nexus between the egregious conduct toward one child and potential harm to the child's sibling is not required. *See* § 39.806(1)(f), Fla. Stat. (2020). The court added that appellant's conduct "failed to account for [her daughter's] safety—her life— and that is egregious conduct that threatens the safety of her other child[.]" The court terminated her parental rights to both her children. She appeals.

Appellant contends that section 39.806(1)(f) unconstitutionally permits termination of her fundamental parental right to her son without proof that her conduct towards her infant daughter creates substantial risk of harm to her son. She claims the statute creates an impermissible presumption of such harm that she must disprove.

We have already addressed the constitutionality of this statute in *V.S.* There, we explained that the Legislature specifically amended the statute to provide that "[p]roof of a nexus between egregious conduct to a child and the potential harm to the child's sibling is not required." § 39.806(1)(f), Fla. Stat. (2020). Citing to cases in which courts found that the "risk is clear" to siblings from egregious conduct directed toward one child, we concluded that "we see no reason to not apply the 'risk is clear' rationale to the inherent risk of harm associated with such parental behavior as

applied to parental rights of the siblings." *V.S.*, 2021 WL 2346077 at *7 (noting section 39.806(1)(f) "represents a legislative expression that parents who have committed egregious acts of abuse against one child pose an unacceptable risk that they will abuse their remaining children." (quoting *D.O. v. S.M.*, 981 So. 2d 11, 13 (Fla. 4th DCA 2007)). Therefore, *V.S.* controls, and we affirm the termination of appellant's parental rights to both children. We affirm as to all other issues raised.

As we did in *V.S.*, we certify the following question of great public importance to the supreme court:

> DOES THE 2014 AMENDMENT TO SECTION 39.806(1)(f), FLORIDA STATUTES, WHICH PROVIDES THAT NO PROOF OF NEXUS BETWEEN EGREGIOUS CONDUCT TOWARDS ONE CHILD IS REQUIRED TO TERMINATE THE PARENTAL RIGHTS OF THE CHILD'S SIBLINGS, UNCONSTITUTIONALLY REMOVE THE STATE'S BURDEN TO PROVE THAT THE EGREGIOUS CONDUCT POSES A SUBSTANTIAL RISK OF HARM TO EACH SIBLING AND IS THE LEAST RESTRICTIVE MEANS OF PROTECTING THE SIBLING(S) FROM SERIOUS HARM?

GERBER and KLINGENSMITH, JJ., concur.
WARNER, J., concurring in part and dissenting in part with opinion.

WARNER, J., concurring in part and dissenting in part.

For the reasons set forth in my dissent in *V.S. v. Department of Children & Families*, --- So. 3d ----, 46 Fla. L. Weekly D1329, 2021 WL 2346077 (Fla. 4th DCA June 9, 2021), I would hold section 39.806(1)(f) unconstitutional on its face. The statute removes the State's burden to prove a substantial risk of harm to a child because of the parent's conduct towards the child's sibling, a requirement of both *Padgett v. Department of Health & Rehabilitative Services*, 577 So. 2d 565 (Fla. 1991), and *Florida Department of Children & Families v. F.L.*, 880 So. 2d 602 (Fla. 2004).

I concur in the majority opinion as to the termination of appellant's parental right to her daughter and to affirmance of the other issues raised, as well as the certified question.

*            *            *

***Not final until disposition of timely filed motion for rehearing.***

3